GARY HARRE, ESQ. (BAR NO. 86398)
Law Offices of Gary Harre & Associates
1940 W. Orangewood Ave., Ste 110
Orange, CA 92868
Telephone: (714) 634-3842
Email: ghcmecf@gmail.com

Attorney for Debtor
TA KIM TO

FILED
OCT 25 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TA KIM TO<br><br>_____<br><br>TA KIM TO, an Individual<br>                    Plaintiff,<br><br>-vs.-<br><br>U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, 9SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS; NDEx WEST, LLC; and all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto; and DOES 1-100, Inclusive;<br>                    Defendant. | Case No. 8:10-bk-22705-TA<br><br>ADVERSARY PROCEEDING<br><br>ADV. NO. _____<br><br>**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, QUIET TITLE, CANCEL TRUSTEE DEED, AND FOR DAMAGES.** |

COMES NOW debtors and plaintiff TA KIM TO herein, ("Plaintiff" or "TA"), and respectfully alleges the following:

//

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. This adversary proceeding is brought pursuant to 11 U.S.C. §506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. §1409.

3. This adversary proceeding is a core proceeding as defined at 28 U.S.C. §157(b)(2)(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a deed of trust, and the allowance or disallowance of a claim. To the extent this proceeding is determined to be a non-core proceeding, Plaintiff consents to the entry of final orders or judgment by the bankruptcy court.

4. Plaintiff are individuals, and debtors of the within captioned bankruptcy case, having filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on September 9, 2010 ("the Bankruptcy Case"). The case is pending for conversion to Chapter 13 of the Bankruptcy Code.

5. Plaintiff is and at all times mentioned herein is the owner of real property located <u>10231 Kenmore Street, Anaheim, California</u> (hereinafter referred to as "SUBJECT PROPERTY" and more particularly described as:

> **LOT 70 OF TRACT NO. 3104, IN THE CITY OF STANTON, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 92, PAGE(S) 46 AND 47, OF MISCELLENEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. PARCEL NUMBER: 126-345-12.**

6. Plaintiff TA refinanced the subject property as part of the marriage dissolution in November 2006. In order to complete the refinancing, TA borrowed $504,000.00 from Reunion Mortgage Inc. ("Reunion"). Pursuant to paragraph 3 in the deed of trust, TA was required to make her payment directly to Reunion and Reunion was required to account for the payments made. This made Reunion the initial servicer of the loan as that term is defined in RESPA at 12 U.S.C. § 2605(i)(3).

7. Plaintiff is informed and believes that defendant NDEX WEST, LLC (hereinafter referred to as "NDEX") is at all times a corporation conducting business in the State of California.

GARY HARRE, ESQ.
1940 W. ORANGEWOOD AVE, STE 110
ORANGE, CA 92868

8. Plaintiff is informed and believes that defendant U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, 9SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS ("US BANK") is a trust corporation, doing business in the State of California, and a purported creditor of Plaintiff.

9. The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown defendants") are unknown to Plaintiff. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff title; and their claims, and each of them, constitute a cloud on Plaintiff's title to that property.

10. Plaintiff are ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 150, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff are informed and believe and thereon allege that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiff title and their claims, and each of them, constitute a cloud on Plaintiff title to that property.

11. At all times relevant, NDEx lacked authority to record the Notice of Default, Notice of Sale, or to conduct the trustee sale or record a Trustee Deed.

12. U.S. BANK NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE TO BANK OF AMERICA, NATIONAL ASSOCIATION, 9SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION) AS TRUSTEE FOR MORGAN STANLEY TRUST 2007-8XS, was permitted to make a credit bid at the Trustee Sale conducted by NDEx. However, US Bank, never owned either the note and was not the Lender.

13. Plaintiff is informed and believe and on such information and belief allege that the deed of trust was assigned by MERS to US Bank. However, at the time of this alleged assignment, MERS

was not authorized to do business in California. The act of buying, selling, transferring and assigning deed of trust on California property is a business. Such assignment are void or <u>ultra vires</u> if made by a company, like MERS, who was unable to do business in California. A copy of a Certificate of Status confirming this suspension is attached to this Complaint as Exhibit A.

14. Also, under the governing California laws, the deed of trust are security for performance of obligations specified. Said deed of trust cannot be transferred or assigned independently of the underlying obligations. Plaintiff has never been advised of any transfer or assignment of the actual loan. The transfer of deed of trust without the note accompanying it is an improper transfer that conveys no meaningful rights. Thus, US Bank became the owner of the property as a result of the Trustee Deed wrongfully executed by NDEx.

15. The mortgage loan assigned by MERS as nominee, is at most, an unsecured debt. The only parties entitled to collect on the unsecured debt would be the holders in due course and beneficial owners of the original Promissory Note.

16. Defendant US Bank, represented itself as a "Trust" coming to Court are actually Mortgage Back Securities ("MBS"). The MBS have signed themselves up under oath with the Security Exchange Commission ("SEC"), and the Internal Revenue Service ("IRS"), as mortgage asset "pass-through" entities wherein they can never own the mortgage loan assets in the MBS. This allows them to qualify as a Real Estate Mortgage Investment Conduit ("REMIC") rather than an ordinary Real Estate Investment Trust ("REIT"). As long as MBS is a qualified REMIC, no income tax will be charged to the MBS.

17. Importantly, US Bank as "Trustee" or custodian, must have the mortgages recorded in the investors name as the beneficiaries of the MBS in the year MBS "Closed". Every mortgage in the MBS should have been publicly recorded in Orange County where the property is located with a mortgage in the name of "Morgan Stanley Loan Trust 2007-8XS" Such mortgage would have had been publicly recorded in the year 2007.

18. The "Trusts" were never registered as Trusts. The promissory note was never obtained and the mortgages never obtained or recorded.

19. In this scenario, even if the foreclosing entity purportedly having credit bid produces a copy of a note, or even an alleged original, the mortgage loan was not conveyed into the trust under the requirements of the prospectus for the trust or the REMIC requirements of the IRS.

20. Consequentially, the end result would be that the required MBS asset, or any part thereof (mortgage note or security interest), would not have been legally transferred to the trust to allow the trust to ever even be considered a "holder" of a mortgage loan. Neither the "Trust" or the Servicer, would ever be entitled to bring a foreclosure or declaratory action. The Trust will never have standing or be a real party in interest.

21. The transfer of mortgage loans into the Trust in which US Bank is the Trustee after the "cut off date" (in this case 2007), destroys the trust's REMIC tax exempt status, and this trust would owe millions of dollars to the IRS and the State of California as the income would be taxed at of one hundred percent (100%).

22. Subsequent to the "cut off date" listed in the prospectus, whereby the mortgage notes and security for these notes had to be identified, and the Note and Mortgages transferred, and thereafter, the pool is permanently closed to future transfers of mortgage assets.

23. Pursuant to SEC filing, the "cut-off" date for this trust was May 1, 2007 and "closing date" was May 31, 2007.

24. Therefore, the lack of acquisition of Plaintiff mortgage loan violates the prospectus presented to the investors and the IRS REMIC requirements.

25. Plaintiff signed a Promissory Note and Mortgage, they were unknowingly converting their property into an asset of a MBS. Plaintiff were never informed of the nature of the scheme. They were deliberately induced into signing a Negotiable Instrument which was never intended as such, but as intended as collateral for a MBS.

26. The fact that this loan was meant to fund a MBS was a "Material disclosure" which was deliberately and intentionally undisclosed. The failure to disclose the identity of the true lender at closing was also a "material disclosure"; the nature of which would make the contract voidable under California contract law.

27. As required by SEC, this MBS/Trust has a Pooling and Servicing Agreement ("PSA") must be publicly filed. The only purpose for the PSA is for the administration and distribution of funds to the investors and the obligation of the so called Trustee in administering the MBS. The investors who put up money for the MBS and who received the MBS certificates or Bonds, are not parties to the PSA.

28. The PSA merely sets forth what happens after the mortgage are bundled together. However, the PSA also sets forth a **Cut Off Date**. The Cut off date is the date on which all mortgage loans in the MBS/Trust must be identified and set out in the SEC required list of mortgage loans.

29. Like the cut off date, this MBS/Trust had a **Closing Date**. The Closing Date is the date that the individual identified mortgages were to be transferred through the Custodian for the benefit of the investors. The Trust Custodian must certify that for each mortgage loan, the Trust Custodian has possession of the original Promissory Note, all original endorsements and assignments transferring the Note and proof that the ownership of the Note has been transferred for the benefit of the investors. Further proof of the ownership of a mortgage loan is required by a public recording of the Mortgage or Assignment of the mortgage itself. This MUST have occurred by the closing date.

30. In this case, Plaintiff mortgage was never part of MBS scheme as US Bank represented to the Court because assignment of mortgage loan into the trust did not occur until after the MBS closing date.

31. US Bank, as MBS trustee claims to be acting on behalf of the MBS/Trust and claims that it has acquired the loan from MERS and fraudulent permitted to make credit bid. The multiple transfers of title of the mortgage loan between the originator and the MBS/Trust is simply ignored as it can never be proved or shown to the Court. Chain of Mortgage assignment is broken as US Bank was never the mortgagee of record under a Mortgage Assignment and has absolutely no legal tie to the investors in the MBS.

32. The assignment of Plaintiff's mortgage were signed and notarized many years after the actual date of the loan and the date listed with the SEC and IRS as the "Closing" of the REMIC. In this case if found to be true, this MBS/Trust has been operating illegally as a tax exempt REMIC.

33. Here, the Note and Mortgage were severed or bifurcated when the deed of trust was fraudulently assigned by MERS as nominee. MERS never loaned any money to the Plaintiff. MERS was never a beneficiary under the Note. MERS purportedly held the Mortgage as "nominee".

34. An assignment from MERS was a legal nullity. MERS never had a interest in this fraudulently conveyed mortgage and Note.

### FIRST CLAIM FOR RELIEF
**[Declaratory Relief to Determine an Interest in Property]**
**[F.R.B.P 7001(2) and 7001(9)]**

35. Plaintiff reallege and incorporate the allegations contained in paragraphs 1 through 34, inclusive, as though set forth at length herein.

36. Plaintiff allege that they hold an interest in the Property free and clear of any interest of defendant, in that the Trustee Deed which wrongfully signed by NDEx and recorded with the Orange County Recorder and that accordingly, the Trustee Deed is null and void.

37. Plaintiff is informed and believes that Defendant allege that the Trustee Deed cannot be determined to be null and void because it is was the beneficiary under the deed of trust and permitted to present credit bid.

38. Plaintiff is informed and believes and thereon alleges that Defendants dispute the contention alleged in paragraph 37.

39. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

40. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. That the Court determine the nature and extent and validity of Defendants' interest in the real property located at 3394 Carmel Drive, Costa Mesa, California;
2. That the Court determine that the amount of the lien secured by the Reunion Deed of Trust is zero;
3. That the Court determine that the Trustee Deed claim owed by US Bank is null and void;
4. For attorney fees and costs of suit incurred herein; and,
5. For such other and further relief as the court deems just and proper.

### SECOND CLAIM FOR RELIEF
[Declaratory Relief to Determine Status of US Bank Claim]
[11 U.S.C. § 506 and F.R.B.P 7001]

41. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 40, inclusive, as though set forth at length herein.

42. Plaintiff alleges that the lien evidenced by the Reunion Deed of Trust has no value since it is wholly unsecured, that US Bank's claim through Trustee Deed is null and void.

43. Plaintiff is informed and believes that Defendant allege that the Trustee Deed cannot be determined to be null and void because it is was the beneficiary under the deed of trust and permitted to present credit bid.

44. Plaintiff is informed and believes and thereon alleges that US Bank disputes the contention alleged in paragraph 43.

45. An actual controversy exists between Plaintiff and US Bank with regard to the status of US Bank's claim through Trustee Deed.

46. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether US Bank's claim in Trustee Deed null and void.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Court determine the nature and extent and validity of Defendant's interest in the real property located at 3394 Carmel Drive, Costa Mesa, California;
6. That the Court determine that the amount of the lien secured by the Reunion Deed of Trust is zero;

7. That the Court determine that the Trustee Deed claim owed by US Bank is null and void;

8. For attorney fees and costs of suit incurred herein; and,

9. For such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF
### [As to Defendant US Bank]
### [TILA Violation]

47. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 46, inclusive, as though set forth at length herein.

48. In May 2009, "The Helping Families Save Their Homes Act of 2009" was enacted into law that calls for notice to the consumer when a "mortgage loan" is transferred or assigned. The provision was effective immediately and violations are subject to TILA liability.

49. 15 U.S.C. § 1641 was amended by adding at the end the following:

*"(g) NOTICE OF NEW CREDITOR.-*
*(1) IN GENERAL.- In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-*
*(A) the identity, address, telephone number of the new creditor;*
*(B) the date of transfer;*
*(C) how to reach an agent or party having authority to act on behalf of the new creditor;*
*(D) the location of the place where transfer of ownership of the debt is recorded; and*
*(E) any other relevant information regarding the new creditor.*

50. From the record, it appears that Deutsche Bank became the new owner or assignee on December 07, 2009.

51. To date, Plaintiff have not received any notice as required by 15 U.S.C. § 1641(g).

WHEREFORE, Plaintiff prays for judgment against Defendant Deutsche Bank as follows:

1. Statutory damage in the amount of $4,000.00;

2. For attorney fee and costs of suit incurred herein; and

3. For such other and further relief as the court deems just and proper.

//

//

- 9 -
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM.

**FOURTH CLAIM FOR RELIEF**
**[As to Defendant US Bank]**
**[Cancellation of Trustee Deed]**

52. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 46, inclusive, as though set forth at length herein.

53. Attached as Exhibit B is a copy of the Trustee Deed which was wrongfully signed by NDEx, and recorded with Orange County Recorder. Said deed must be cancelled since it falsely notifies the world that Plaintiff no longer have an interest in the subject property.

54. The Trustee Deed is void since NDEx lacked the authority to conduct the non-judicial trustee sale and no court ever authorized NDEx to serve as trustee on any of the obligations encumbering the subject property.

55. Moreover, US Bank did not pay any money to NDEx as consideration for the Trustee Deed from NDEx. US Bank only paid NDEx its servicing fees for processing the non-judicial foreclosure process and preparing the void Trustee Deed. Thus, it would be inequitable to require Plaintiff to pay US Bank a substantial sum to buy back Plaintiff's own property. Plaintiff is able and willing to pay the actual owner of the underlying obligation(s) the fair market value of said property as determined by this Court.

**FIFTH CLAIM FOR RELIEF**
**[As to Defendant US Bank]**
**[Quiet Title]**

56. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 55, inclusive, as though set forth at length herein.

57. Plaintiff is the true owner of the subject property. She refinanced with Reunion Mortgage Inc. in 2006. Only Reunion Mortgage Inc. had the power to substitute trustees on the deed of trust recorded against the property.

58. On information and belief, Plaintiff allege that Reunion Mortgage Inc. never conveyed this right or any other interest in the note or deed of trust to US Bank. This information and belief derives from the fact that Plaintiff never received any notice of the change in the trustee, servicer of

the obligation under Real Estate Settlement Procedure Act [RESPA 12 USC § 2600 et.seq.], or change in creditor under 15 U.S.C. § 1641.

59. The deed of trust provides that Reunion Mortgage Inc. will comply with all the obligations of RESPA. These obligations pre-empt and supersede any contrary provisions of California law which are less favorable to the borrowers related to the substitution of trustees on deed of trust. However, the loan were made in California. Thus, US Bank is also required to comply with provisions of California law that are more favorable to the borrowers than the provisions of RESPA.

60. Plaintiff is entitled to a decree of Quiet Title confirming her fee simple interest in the subject property as of the date on the deed prepared on 12/06/2006.

**SIXTH CLAIM FOR RELIEF**
**[As to All Defendants]**
**[RESPA Violations]**

61. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 60, inclusive, as though set forth at length herein.

62. US Bank was named as assignee of the deed of trust without acquiring any interest in the underlying obligation. US Bank then used this position to change the servicer without notified of this transfer of the servicing rights. Said notification is required by RESPA at 12 USC 2605 and its subparts. Also the transfer was contrary to law since Reunion Mortgage Inc. owned the underlying notes and its servicing rights were never transferred. Essentially, US Bank illegally became the servicer and transferred at lease some of these servicing obligations to NDEx.

63. Upon becoming the sub-servicer, NDEx mailed Plaintiff a notice of default which materially exaggerated the alleged delinquency and default. Moreover, no accounting was ever provided to Plaintiff to identify the basis for US Bank's claims through sub-servicer of the balance due on the obligation.

64. Plaintiff have been harmed by said violations. In particular, she failed to receive proper credit for payments made, and were denied the right to reinstate the loan despite US Bank's fraudulent and deceiving act to obtain loan modification payment from Plaintiff. Ultimately,

Plaintiff lost the property since she was unwilling to pay the excessive demand for reinstatement made by defendants.

### SEVENTH CLAIM FOR RELIEF
### [As to NDEx]
### [FDCPA]

65. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 64, inclusive, as though set forth at length herein.

66. At all times relevant, NDEx was the debt collector as that term is used in FDCPA. In particular, it became the sub-servicer of the security instrument after a default occured. Moreover, NDEx was hired after this default for the specific purpose of collecting on the obligation. The principal business of NDEx is to collect debts which are secured by deed of trust on real estate in California.

67. 15 USC 1692(a) required NDEx to send Plaintiff a validation notice. This notice was required to identify the actual creditor [i.e. the actual owner of the obligation] and provide an accurate statement of the full amount due as of the date of the notice. NDEx breached this obligation and never provided the notice required by this provision of law.

68. NDEx also recorded a Notice of Default which sought collection of interest, charges, and expenses which were not explicitly authorized by both the underlying obligation and by California law. Seeking to collect such excessive amounts is a violation of 15 USC 1692f(1).

69. NDEx also engaged in false and misleading representations by asserting it was acting on behalf of the actual owners of the underlying note. Such false and misleading misrepresentations violate 15 USC 1692(e). On information and belief, Plaintiff alleges that neither NDEx or US Bank had ownership of the actual note between Plaintiff and Reunion Mortgage Inc.

70. Plaintiff was harmed and damaged by said FDCPA violations of defendants. These damages include the statutory damages provided in 15 USC 1692k(a) together with their actual damages, costs and attorney fees. The actual damages are the loss of title to her home since she was deprived of the ability to seek a workout with the actual owner of the underlying obligation.

Also, Plaintiff lost the ability to reinstate the loan without payment of unlawful fees, charges and costs.

**EIGHT CLAIM FOR RELIEF**
**[As to All Defendants]**
**[Wrongful Trustee Sale]**

71. Plaintiff re-allege and incorporate the allegations contained in paragraphs 1 through 70, inclusive, as though set forth at length herein.

72. NDEx wrongfully permitted US Bank to make a credit bid at the trustee sale, despite the fact that this bidder was not the owner of the note or deed of trust which formed the basis for the trustee sale. NDEx refused to afford any other bidder this privilege of making credit bids. Thus, US Bank acquired the valuable property of Plaintiff essentially for free.

73. US Bank and NDEx breached its obligations to conduct a fair trustee sale. Moreover, on information and belief, Plaintiff alleges that NDEx conspired with US Bank to deprive Plaintiff of her property without just cause and contrary to law.

74. Said wrongful conduct caused substantial harm to Plaintiff as summarized above.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff pray for judgment as follows:

1. For an order canceling the Trustee Deed which purportedly conveyed the subject property to Defendant;
2. For an order confirming Plaintiff as the true fee simple absolute owner of the subject property;
3. For statutory damages for all FDCPA and RESPA violations.
4. For general damages for all FDCPA and RESPA violations;
10. For reasonable attorney fees and costs of suit incurred herein as provided by FDCPA and RESPA; and,
11. For such other and further relief as the court deems just and proper.

//

DATED: 10/24/2010                                   Respectfully Submitted;

_____
Gary Harre
Attorney for Debtors

I verify that the foregoing Adversary Complaint has been reviewed by me; and that the allegations therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Orange, California on October 24, 2010.

_____
Ta Kim To

GARY HARRE, ESQ.
1940 W. ORANGEWOOD AVE., STE 110
ORANGE, CA 92868

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Page 2) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Ta Kim To | **DEFENDANTS**<br>U.S. BANK NATIONAL ASSOCIATION et.al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Gary Harre [714-200-4701]<br>1940 W. Orangewood Ave, Ste 110<br>Orange, CA 92868 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW SECURED CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TILE, AND INJUNCTIVE RELIEF.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

RECEIVED
OCT 25 2010
CLERK U.S. BANKRUPTCY
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 1,000,000.00 |

Other Relief Sought

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR** <br> Thuan X. Nguyen et.al. ||| **BANKRUPTCY CASE NO.** <br> 8:10-bk-22705-T |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District of California || **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| **PLAINTIFF** | **DEFENDANT** || **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** || **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* ||||
| **DATE** <br> 10/24/10 || **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Gary Harre ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.